IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHRYN M. VAN ORDEN, individually and as administratrix ad prosequendum of the Estate of Celena J. Sylvestri,<br><br>Plaintiff,<br><br>v.<br><br>BOROUGH OF WOODSTOWN, et al.,<br><br>Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 13-5002 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

Plaintiff Kathryn Van Orden brings this suit individually and as administratrix of the estate of Celena J. Sylvestri, her daughter who drowned in her car after officials opened the floodgates of the Veterans Memorial Lake Dam in Salem County in anticipation of the arrival of Hurricane Irene in August 2011. Plaintiff alleges that state and local officials were negligent in opening the floodgates without closing the road or properly notifying drivers of the potentially dangerous conditions. Before the Court is an unopposed motion to dismiss by the State of New Jersey, the New Jersey State Police, and the New Jersey Department of Environmental Protection Bureau of Dam Safety and Flood Control (collectively, "State Defendants"). [Docket Item 16.]

Because the Eleventh Amendment to the U.S. Constitution bars suits against the state in federal court in these circumstances, the Court grants the motion to dismiss.

1. Plaintiff brings seven counts against all Defendants,[1] including negligence, vicarious liability, "state created danger" under the Fifth and Fourteenth Amendments to the U.S. Constitution, via 42 U.S.C. § 1983, strict liability, wrongful death, and a survival action under state law. (Compl. ¶¶ 62-100.)

2. The State Defendants move to dismiss on the grounds that state sovereign immunity under the Eleventh Amendment deprives this Court of subject matter jurisdiction to hear claims by private parties seeking money damages to be paid from public funds in the state treasury. (Mot. Br. at 3.) Defendants argue that New Jersey has not waived sovereign immunity and no federal statute abrogates immunity in this case. (Id. at 3-4.) In addition, Defendants argue that dismissal of the § 1983 claim is appropriate because the State and its agencies are not "persons"

---

[1] The Complaint also names as Defendants the Borough of Woodstown, N.J., the Woodstown Police Department, Salem County, N.J., the Salem County Sheriff, Pilesgrove Township, N.J., and unnamed individuals and companies. The Borough of Woodstown, the Woodstown Police Department and Pilesgrove Township ("Municipal Defendants") have filed a second motion to dismiss, which will be decided separately.

2

within the meaning of § 1983, and thus the statute is inapplicable. (Id. at 4.)

3. Plaintiff responds that she does "not oppose dismissal, with prejudice, of all claims against Defendants State of New Jersey, New Jersey State Police, and New Jersey Department of Environmental Protection Bureau of Dam Safety and Flood Control." (Pl.'s Resp. to Rule 12(b)(6) Mot. [Docket Item 29] at 1.)

4. "A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense." Coleman v. Court of Appeals of Md., 132 S. Ct. 1327, 1333 (2012). Immunity may be waived by the state or abrogated by federal statute passed pursuant to congressional power under § 5 of the Fourteenth Amendment. MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 503-04 (3d Cir. 2001). Section 1983 does not abrogate sovereign immunity. Quern v. Jordan, 440 U.S. 332, 341 (1979).

5. There is no indication in this case that the State has waived immunity or that any applicable federal statute abrogates sovereign immunity. For these reasons, and with consent of Plaintiff, the Court will dismiss all claims against the State Defendants.

6. The State Defendants also move for dismissal of the cross-claim brought by the Municipal Defendants seeking

contribution from the State under N.J.S.A. § 2A:15-5.3, N.J.S.A. § 2A:53a-2, et seq., and the New Jersey Tort Claims Act. (Municipal Defendants' Answer [Docket Item 24] at 15.) Cross-claims for contribution by a municipality or county against the state raise questions of state law subject to the same sovereign immunity analysis described above. See Cnty. of Oneida. v. Oneida Indian Nation, 470 U.S. 226, 252-53 (1985) (holding that a county's cross-claim for indemnity by the state raises a question of state law and finding no evidence the state waived its constitutional immunity). Here, like in Oneida, the Court has been "referred to no evidence that the State has waived its constitutional immunity to suit in federal court on this question." Id. at 252. Therefore, sovereign immunity bars any cross-claim for contribution against the State Defendants.[2]

---

[2] The Municipal Defendants did not file a response to the State Defendants' motion, but had notice on the electronic docket that the State Defendants sought to dismiss all cross-claims. (See Notice of Mot. to Dismiss [Docket Item 16] at 2 ("the State . . . shall move . . . for an Order Dismissing the Complaint along with any and all cross-claims").) It is not apparent to the Court that the County Defendants have brought any cross-claims against the State Defendants. (See Cnty. Defendants' Answer [Docket Item 19].) To the extent they have brought a cross-claim for contribution, it is barred by sovereign immunity for the same reasons. The dismissal is jurisdictional and therefore is without prejudice to the Municipal Defendants' right to seek contribution against the State Defendants in a court of competent jurisdiction.

7. The Court grants the State Defendants' motion to dismiss all claims and cross-claims for contribution against them. An accompanying Order will be entered.

**December 9, 2013**             **s/ Jerome B. Simandle**
Date             JEROME B. SIMANDLE
           Chief U.S. District Judge